UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| A.E. on behalf of her minor child N.E., | : | Civil Action No. 11-2923 (JAP) |
| Plaintiff, | : | |
| | : | OPINION and ORDER |
| v. | : | |
| PATRIOT PRE-SCHOOL., et al., | : | |
| Defendant. | : | |

Currently pending before the Court is a Motion to File an Amended Complaint by Plaintiff N.E. ("Plaintiff") in order to assert three causes of action against Defendants for perceiving N.E. to be an individual with a disability. [Docket Entry No. 6]. Defendants Patriot Pre-School, et al. ("Defendants") have no opposition to Plaintiff's Motion; however, they wish to serve additional discovery on Plaintiff in the event Plaintiff is granted leave to amend [Docket Entry No. 8]. Plaintiff opposes Defendants' request to serve additional discovery [Docket Entry No. 10]. After considering the submissions and arguments of the parties, and for good cause shown, Plaintiff's Motion for leave to Amend the Complaint is GRANTED.

**I. Background**

Plaintiff N.E. is a minor who has a peanut allergy and is required to use epinephrine and Benadryl in the event that he has an allergic reaction. Defendant Patriot Pre-School ("Patriot") is a child development program run and operated by the Freehold Township High School District ("District"). Plaintiff N.E. was admitted to Patriot for the Fall 2009 season. Defendants eliminated the Patriot Pre-School educational lab effective January 2010.

Plaintiff asserts that N.E.'s admittance to Patriot was rescinded after Defendants were advised that N.E. had an allergy to peanuts and needed assistance in administering medication in event of an allergic reaction. Plaintiff filed a complaint against Defendants for disability based discrimination in the Superior Court of New Jersey, Monmouth County. The case was thereafter removed to Federal Court. Following a scheduling conference before this Court, a Pretrial Scheduling Order as filed [Docket Entry No. 4] which, among other things, set the deadline for filing a motion to amend for September 9, 2011. On that date, Plaintiff filed the instant motion to amend the Complaint.

Plaintiff asserts that recent discovery has revealed various letters which "indicate that the District regarded Plaintiff N.E. as a child with a disability, that they did not want to provide accommodations, and instead disbanded the pre-school to avoid liability." *See Plaintiff's Brief in Suport of Motion to Amend Complaint* [Docket Entry No. 6-1 at *6]. These letters include: (1) a letter dated January 11, 2009 which advises parents that the Child Development Programs in the District "must be immediately discontinued do[sic] to the threat of litigation against our district;" (2) an e-mail dated January 28, 2010 from Barry Barkin of Spartan Detective Agency which requests, among other things, letters from the parent of the allergic child requesting assistance from the District; and (3) an e-mail dated January 25, 2010 from Defendant Patricia Emmerman which advises that detectives of the Spartan Detective Agency were retained by a law firm that represents the parents of the children who participated in the Child Development Program.

In the proposed Amended Complaint, Plaintiff sets forth three new causes of action for "perceived disability" under the New Jersey Law Against Discrimination, the Americans with Disabilities Act and the Rehabilitation Act of 1973. Plaintiff asserts that this request to amend arises out of newly discovered evidence obtained from Defendants upon initial discloures and that the

amendment arises out of the same actions of Defendants as put forth in the initial Complaint. Plaintiff states that it has filed its Motion to Amend within the time prescribed by the Pretrial Scheduling Order. Plaintiff asserts that permission to amend would not cause any undue delay or prejudice to Defendants and, thus, they have satisfied the criteria under FED. R. CIV. P. 15(a)(2).

Defendants do not oppose Plaintiff's motion on the merits. However, they request that, in the event the Court grants Plaintiff's Motion, they be granted leave to serve additional discovery on Plaintiff. Defendants state that they served Interrogatories and Document Demands on Plaintiff based on the allegations set forth in the initial Complaint. Defendants state that they served Plaintiff with 25 Interrogatories, the maximum amount permitted by the Rules. Defendant requests 10 additional Interrogatories should Plaitniff's Motion to Amend be granted.

Defendants assert that they will be at a disadvantage if they are unable to obtain additional information regarding the newly raised allegations in the proposed Amended Complaint. Additionally, Defendants contend that they will be unable to adequately present all of the relevant undisputed facts to the Court in a dispositive motion if they are not allowed additional discovery. Indeed, the Court encouraged the parties to engage in discovery before seeking leave to file a dispositive motion in order for the record to be complete at the time a dispositive motion was filed. Finally, Defendants point out that Plaintiff has not yet served Defendants with any discovery requests and Defendants assert that Plaintiff will not be prejudiced by the additional Interrogatories.

Plaintiff opposes Defendants' request to serve additional interrogatories. Plaintiff asserts that the newly discovered evidence was produced by Defendants as a part of initial disclosures served to Plaintiff on June 27, 2011. Defendants then served Plaintiff with Interrogatories and Requests for Production on August 12, 2011. Thus, Plaintiff states that Defendants had this information (the letters

described above which led Plaintiff to file this motion) prior to serving interrogatories and Plaintiff argues that Defendants could have asked questions regarding these documents with the initial interrogatories.

Plaintiff also points out that Defendants have not produced the proposed additional interrogatories; nor have they been submitted to the Court.  Therefore, Plaintiff contends that he cannot properly determine or argue as to whether the additional interrogatories are duplicative and unnecessary for the defense of this action.

Plaintiff also informs the Court that the parties have been negotiating the terms of a confidentiality Order and that Plaintiff is awaiting the resolution of that Order prior to propounding discovery upon Defendants.

**II. Analysis**

Leave to amend the pleadings is generally given freely.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility.  *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).  If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  In reviewing a motion to amend, the court looks only at the pleadings.  *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc.,* 106 F. Supp.2d 761, 765 (D.N.J. 2000). .

Here, Plaintiff seeks to amend the Complaint to assert three additional claims.  Plaintiff brought this motion promptly after discovering evidence which gave rise to the additional claims.

The motion was filed timely pursuant to the Pretrial Scheduling Order.  Further, no undue delay or prejudice will result from the amendment and Defendants do not oppose Plaintiff's motion.

With respect to Defendant's request to serve additional interrogatories, the Court finds that this is appropriate.  Matters of docket control and conduct of discovery are committed to the sound discretion of the Court.  *In re Fine Paper Antitrust Litigation*, 685 F.2d 810 (C.A.Pa. 1982).  Also, the Court has broad discretion to control the method and timing of discovery.  FED R. CIV. P. 26(b).  In this case, Defendant constructed its questions based on the claims alleged in Plaintiff's Complaint.  Although they had access to the letters which eventually gave rise to Plaintiff's proposed amendment, Defendants had no way of knowing that Plaintiff would seek to assert those claims by way of this motion.  In order to properly prepare a defense which includes defenses to those newly added claims, Defendant will be permitted to serve 10 additional interrogatories.  This is consistent with the Court's desire to create a complete record before the filing of dispositive motions.  Plaintiff has not yet engaged in discovery.  Therefore, no undue delay will be caused by permitting the additional interrogatories; nor will Plaintiff be prejudiced.

**III. Conclusion**

For the aforementioned reasons, the Court finds that Plaintiff should be granted leave to amend the Complaint.  Defendant will then be permitted to serve ten (10) additional interrogatories upon Plaintiff.

THEREFORE, IT IS on this 12th day of October, 2011,

ORDERED that Plaintiff's Motion to Amend is GRANTED; and is further

ORDERED that Defendant is permitted to propound ten (10) additional interrogatories within ten (10) days of the date of this Order;

**and IT IS FURTHER ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 6] accordingly.**

    s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**